## T. S. Huckabay v. Eliza C. Huckabay.

Husband sued for a divorce on the ground of cruel treatment, alleging such treatment to consist of insults and indignities perpetrated by his wife in charging him with adultery, etc.; but his petition failed to deny the truth of the charges complained of. The defendant, being a resident of another State, was cited by publication, but made no ap-pearance in the case. *Held,* that the petition was not sufficient to support the action; and therefore it was not error to refuse the divorce, although the allegations of the petition were found by a jury to be true.

APPEAL from Dallas. Tried below before the Hon. Hardin Hart.

The opinion indicates the facts.

*T. S. Huckabay,* for the appellant.

No brief for the appellee.

WALKER, J.—Thomas S. Huckabay sues his wife, Eliza C. Huckabay, for divorce. He alleges the mar-riage to have taken place on the twenty-ninth day of July, 1847, at the county of Maury, in the State of Tennessee, and that the parties lived together as man

and wife until the fifth day of October, 1870, when, he avers, the defendant abandoned him, with the avowed purpose of never again returning to reassume the duties and responsibilities of a wife.

The plaintiff charges his wife with gross neglect of duty, and cruel treatment, and with slander, insults, and indignities against his personal reputation. Chiefest among these indignities are charges of adultery and fornication with divers females, white and black. The jury found the allegations in the petition true. The court, however, refused to decree a divorce; it is fair to presume, on the ground that, although the wife had made these grave charges, the husband did not in his petition think it necessary to assert his innocence. The wife, it would seem, still resides in the State of Tennessee; she was brought into court by publication, and did not appear, either in person or by attorney, to defend the action, or further to impeach the fair fame of her husband Thomas. In fact, the wife has manifested a serene indifference to this whole proceeding, probably considering that she would not be called on to establish the truth of her charges until her husband had at least denied them. The wife, Eliza, may be sadly to blame for making these gross charges and accusations against one for whom she, no doubt, once expressed great respect and esteem. But her husband has scarcely placed himself in a position to have this regarded as extreme cruelty; at least until he passes his word, as a gentleman of honor and respectability, that he is not guilty of the charges made against him by his conjugal partner in matrimonial felicity. We think the district judge rightly interpreted the law, in regarding the petition in this case as insufficient to support the action for divorce. The judgment is therefore affirmed.

AFFIRMED.